UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KYLE HALLE | CIVIL ACTION |
| VERSUS | NO. 15-5648 |
| GALLIANO MARINE SERVICE, LLC<br>And C-INNOVATION, LLC | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendants' Motion for Summary Judgment. (R. Doc. 24). Having considered the parties' briefs and the applicable law, and having heard the matter on oral argument, the Court now issues this Order and Reasons.

### I.  BACKGROUND

This lawsuit arises from Plaintiff's claim that his employer failed to pay him overtime wages. Plaintiff, Kyle Halle ("Halle"), was employed by Defendant C-Innovation[1] as an ROV (remotely operated (underwater) vehicle) Technician and ROV Supervisor, from approximately May 12, 2009 through his termination on October 12, 2015. Halle's work hitches were typically four weeks in duration, involving a 4-week voyage on an ROV support vessel. *Id.* at 2. For each of his hitches, Halle was assigned to a particular ROV support vessel, and ate, slept, lived, and worked aboard that vessel. *Id.*

ROVs are unoccupied mechanical devices tethered to a vessel and controlled by the ROV crew aboard the vessel. *Id.* ROVs are used to provide offshore services, including: blowout

---

[1] Defendant Galliano Marine is the name of the payroll company that provided Halle's payroll checks, W-2s and other payroll documents.

prevention backup for offshore drilling operations, inspection of subsea structures, turning subsea valves, realigning underwater connections, and placing marking beacons on the seafloor. (R. Doc. 17 at 1). ROVs are used in the oil and gas industry when the water depth or conditions preclude the use of human divers. (R. Doc. 15-1 at 2). ROV Technicians navigate and pilot the ROVs at various offshore locations while on a support vessel. *Id.*

From onboard the support vessel inside a shipping container converted into a ROV command center, Halle navigated, maintained, serviced, and repaired underwater vehicles that were attached to the vessel and operated remotely via video feed from support vessel-based controls. (R. Docs. 15-1 at 2; 17 at 7). Halle commonly provided emergency backup for underwater drilling operations by outfitting the ROV with a "BOP intervention skid" that could be used to stop spills in case of underwater blowouts." (R. Doc. 17 at 7). That said, he did not perform any maintenance work on the ROV support vessel itself because that vessel had its own crew that performed all its maintenance work. *Id.*

ROVs are connected to the ROV support vessel by a cable, 1,500 to 2,000 feet in length, that carries video feed and control signals. *Id.* Thus, the ROV support vessel had to be positioned close enough for the ROV cable to reach the underwater target. *Id.* Accordingly, Halle would let the ROV support vessel captain know where they needed to be so that the ROV cable would reach. *Id.* This meant communicating the GPS coordinates from Defendants' customers to the captain of the vessel during his hitches. *Id.* The ROV is an appurtenance of the vessel. Halle lived, ate and slept on the support vessel while performing his duties.

On January 25, 2016, Defendants filed a Motion for Summary Judgment (R. Doc. 15), arguing that Plaintiff's work as an ROV Technician and Supervisor was water-based, voyage-based, and vessel-based, and therefore under Fifth Circuit law he is a seaman under the FLSA

and exempt from its overtime provisions. (R. Doc. 15-1 at 6). On February 22, 2016, the Court granted Defendant's motion, finding that Halle is a seaman exempt from FSLA's overtime wage requirements. Critical to the Court's finding was the fact that the ROV was an appurtenance of the vessel. An appurtenance is "any identifiable item that is destined for use aboard a specifically identifiable vessel and is essential to the vessel's navigation, operation or mission." *Coakley v. SeaRiver Maritime, Inc.,* 319 F.Supp.2d 712, 714 n. 1 (E.D.La. 2004) (*quoting Scott v. Trump Indiana,* 337 F.3d 939, 944 (7th Cir. 2003)). As its name indicates, the mission of the ROV support vessel is to support the mission of the ROV, and, moreover, Plaintiff Halle was responsible for operating, maintaining, and servicing the ROV.

## II.  STANDARD FOR RECONSIDERATION

Motions asking a court to reconsider an order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs,* 147 F.3d 367, 371 n. 10 (5th Cir.1998). Rule 59(e) governs when the motion is filed within 28 days of the challenged order. *See* Fed.R.Civ.P. 59(e). Because Plaintiff's Motion seeks reconsideration of the Court's Order of February 25, 2016, and was filed within 28 days of entry of that Order, the Court treats the Motion as one pursuant to Rule 59(e).

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir.2004) (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 1667, 174 (5th Cir.1990); *Templet,* 367 F.3d at 479 (quoting *Waltman*

*v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989)). " 'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.' " *Guy v. Crown Equip. Corp.,* 394 F.3d 320, 325 (5th Cir.2004) (quoting *Venegas -Hernandez v. Sonolux Records,* 370 F.3d 183, 195 (1st Cir2004)). In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet,* 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.,* 101 F.Supp.2d 463, 465 (E.D.La.2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.,* 2010 WL 3943522, at *2 (E.D.La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir.1995). Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend." *S. Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir.1993).

### III. PARTIES' ARGUMENTS

Plaintiff submits that the Court incorrectly applied the Jones Act test for a seaman instead of the applicable FLSA standard despite the fact that a Jones Act seaman is not automatically exempt from the FLSA under well-established Fifth Circuit precedent. Plaintiff notes that the two statutes are not mutually exclusive i.e., a Jones Act seaman can be subject to the FLSA's protections and qualify for overtime pay. *See Dole v. Petroleum Treaters, Inc.*, 876 F.2d 518, 521 (5th Cir. 1989) (holding that oil well service company employees, who were "seamen" under the Jones Act, were not "seamen" within meaning of exemption from Fair Labor Standards Act, in that they spent at least half of their time maintaining and servicing wells, which was "nonseamen" duty.).

To be disqualified from overtime pay under the FSLA's seamen exemption, an employee must perform "…service which is rendered primarily as an aid in the operation of such vessel as a means of transportation,…" 29 C.F.R. § 783.31 (emphasis added). The FLSA's "exemptions must be construed narrowly in favor of the employee." *Goulas v. LaGreca*, 945 F. Supp.2d 693, 698 (E.D. La. 2013) *aff'd sub nom. Goulas v. LaGreca Servs., Inc.*, 557 F. App'x 337 (5th Cir. 2014) (citation omitted). Thus, Plaintiff contends that expanding the FLSA's seaman exemption to include duties directed towards operating appurtenances of the vessel does not comport with the mandate that FLSA exemptions must be construed narrowly in favor of the employee. Plaintiff requests that the Court reconsider Halle's status under the FLSA' standard, which focuses on activities that are directed towards the vessel as a means of transportation – not the vessel and its appurtenances.

Defendants submit that Plaintiff is incorrect when he argues that the Court's Order is improperly premised on the Jones Act. Plaintiff argues that the Court clearly based its holding on the FLSA as this Court cited the seamen exemption under the FLSA (and not the Jones Act). Although the Court analogized the ROV and its relation to the vessel by looking to Jones Act precedent, it did not base its holding on this analogy.

## IV. ANALYSIS

Exempt from the FLSA's overtime requirements is "any employee employed as a seaman." 29 U.S.C. § 213(b)(6). The FLSA does not define "seaman" but the interpretive regulations consider a seaman to be "one who is aboard a vessel necessarily and primarily in aid of its navigation." 29 C.F.R. § 783.29. An employee is a seaman under the FLSA if "(1) the employee is subject to the authority, direction, and control of the master; and (2) the employee's service is primarily offered to aid the vessel as a means of transportation, provided that the

employee does not perform a substantial amount of different work." *Coffin v. Blessey Marine Servs. Inc.*, 771 F.3d 276, 280, 281 (5th Cir. 2014) (citing 29 C.F.R. § 783.31). The Fifth Circuit defines a seaman's work for the purposes of the FLSA as work that is "rendered primarily as an aid in the operation of [a] vessel as a means of transportation." *Owens v. Sea River Maritime, Inc.,* 272 F.3d 698, 704 (5th Cir.2001) (citing 29 C.F.R. § 783.31). Ultimately, whether a worker is "employed as a seaman" ultimately depends on "the character of work he actually performs." 29 C.F.R. § 783.33.

The facts of this case represent a unique situation that has not been previously addressed by the courts. The first prong of the seaman test under the FLSA—whether the employee is subject to the authority, direction, and control of the master—is somewhat disputed. On the one hand, "he would communicate to the captain about navigational issues as they navigated ROVs and observed the underwater conditions." (R. Doc. 15-2 at 3). On the other hand, he was not a member of the ROV Support Vessel's crew, his duties were dedicated to the ROVs, not the support vessel, and the navigational decisions and actions were up to the ROV support vessel captain and not him. Additionally, other than communicating coordinates to the vessel captain, Halle was subject to a chain of command separate and apart from vessel command; he reported to the Operations Coordinator for Defendant C-Innovation, who was land-based. (R. Doc. 17 at 8).

Notwithstanding the foregoing, under the present circumstances, it is difficult to separate the command of the support vessel from the Plaintiff's command of the ROV. While Halle may not be directly subject to the authority, direction, and control of the master of the support vessel, the mission of the support vessel is wholly tied to the mission of the ROV, and, the mission and operation of the ROV is directed by Halle.

The second prong of the seaman exemption—whether the employee's service is primarily offered to aid the vessel as a means of transportation—is clearly met. Halle's work affected the safe navigation of the vessel. Unlike other appurtenances, the ROV directly impacts the vessel as a means of transportation. The ROV is attached to the vessel and therefore the vessel travels as needed to support the ROV—the ROV, which is operated, maintained, and serviced by the Plaintiff. In the instant matter, the appurtenance and the vessel are so completely and fundamentally linked that directing the navigation of the appurtenant ROV directly impacts the navigation of the support vessel.

Additionally, this Court's prior ruling—that Halle is subject to the seaman exemption under the FLSA—comports with FLSA precedent. The application of the seamen exemption generally depends on the facts in each case. *Coffin v. Blessey Marine Servs., Inc.*, 771 F.3d 276, 280 (5th Cir. 2014). In *Coffin v. Blessey Marine Services*, the Fifth Circuit found that *vessel-based* barge tankerman were subject to the seaman exception because they (1) were eating, sleeping, and living on the vessel; (2) were members of the vessel's crew, working at the direction of the captain; (3) were performing loading/unloading duties that were essential to the safe efficient movement of the vessel; and (4) were "tied to a particular vessel for a voyage." *Id.* at 282-83. Although "an employee is not a seaman merely because he works on a boat," the court found that the plaintiffs' "presence on the water was not incidental to the primary purpose of their employment," and therefore the exemption applied. *Id.* at 282, n.4.

While many of the specific facts in *Coffin* are distinguishable from the present case,[2] Plaintiff's argument that Halle had nothing to do with the support vessel's navigation is

---

[2] Halle testified that "he was not a member of the ROV support vessel crew, his duties were dedicated to the ROV's, not the support vessel," and that he "was subject to a chain of command separate and apart from vessel command; he reported to the Operations Coordinator for Defendant C-Innovation, who was land-based." (R. Doc.

7

unavailing. Rather, Halle's presence on the water was critical to the primary purpose of his employment, which was to operate the ROV underwater. Although Halle did not captain the support vessel, the support vessel's navigation depended wholly on Halle's navigation of the ROV. Halle would inform the ROV support vessel captain regarding where they needed to be so that the ROV cable would reach, which affected the safe navigation of the vessel. Additionally, like the plaintiffs in *Coffin*, Halle's work was directly tied to the support vessel aboard which he ate, slept, lived, and worked.

## V. CONCLUSION

Considering the foregoing, Plaintiff's Motion for Reconsideration is DENIED.

New Orleans, Louisiana, this 16th day of April, 2016.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE

---

22). Halle further testified that he and the ROV Technicians "were not mixed in with the ROV Support Vessel's crew," and worked, "isolated in the ROV command center. (R. Doc. 17-1)