UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KYLE HALLE, Individually and On Behalf of Others Similarly Situated** | CIVIL ACTION |
| | NUMBER:  15-5648 |
| **VERSUS** | SECTION: "L" |
| **GALLIANO MARINE SERVICE, LLC and C-INNOVATION, LLC** | JUDGE ELDON E. FALLON |
| | MAGISTRATE DIVISION:  (5) JUDGE MICHAEL B. NORTH |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EQUITABLE TOLLING

Defendants, Galliano Marine Service, LLC and C-Innovation, LLC ("Defendants"), submit this Memorandum in Opposition to Plaintiff's Motion for Equitable Tolling (Rec. Doc. 58, hereinafter "Plaintiff's Motion"), as Plaintiff has not shown that he has diligently pursued his rights or that rare and exceptional circumstances exist supporting the tolling of potential class members' claims.  For the reasons set forth below, the Plaintiff's motion should be denied and the claims of the potential class members should not be tolled.

### I. RELEVANT PROCEDURAL HISTORY

Plaintiff, Kyle Halle ("Plaintiff" or "Halle"), filed his Complaint on October 30, 2015, on behalf of himself and other similarly situated individuals, alleging violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime. Rec. Doc. 1. Plaintiff did not attempt to certify a class at that time. In response, Defendants filed an Answer on December 23, 2015, and subsequently filed a Motion for Summary Judgment on January 25, 2016, arguing that Halle was exempt from the overtime provisions of the FLSA under the seaman exemption. Rec. Docs. 12 and 15. This Court granted Defendants' motion on February 25, 2016. Rec. Doc. 22. Plaintiff

subsequently filed a Motion for Reconsideration on March 24, 2016, which was denied on April 18, 2016. Rec. Docs/ 24 and 30.

Plaintiff then filed an appeal with the Fifth Circuit on May 17, 2016. The Fifth Circuit reversed the district court's granting of Defendants' Motion for Summary Judgment on April 19, 2017. Defendants' Petition for Rehearing was subsequently denied on October 9, 2017, and the case was remanded back to the district court on October 17, 2017. Rec. Doc. 47.

Plaintiff took no further action in the case until March 12, 2018, when he filed a Motion for Conditional Certification seeking to certify a class of all ROV Technicians and ROV Supervisors employed by Defendants who were paid a day rate. Rec. Doc. 46. Plaintiff's motion to certify a class is currently pending. Plaintiff now seeks to retroactively toll the statute of limitations on potential class members' claims from January 25, 2016, to October 17, 2017. Rec. Doc. 58. As further set forth below, such tolling is improper as Plaintiff has not diligently pursued his rights and no rare and exceptional circumstances exist warranting the application of tolling.

## II. LAW AND ANALYSIS

### A. Plaintiff's Heavy Reliance on Non-Binding Authority is Telling.

As an initial matter, it important to note that the vast majority of the authority relied on by Plaintiff is not from this jurisdiction and is not binding on this Court. In fact, at least eight of the cases relied on are from the Ninth Circuit, not the Fifth Circuit Court of Appeals. The Fifth Circuit jurisprudence is well-settled and requires that a plaintiff diligently pursue his claims and the delay to justify tolling be a result of a rare and exceptional circumstance. *Shidler v. Alarm Sec. Grp., LLC,* 919 F.Supp.2d 827, 829–30 (S.D. Tex. 2012) (citing *Caldwell v. Dretke,* 429 F.3d 521, 530 n. 23 (5th Cir. 2005). As such, many of the cases from this circuit cited by Plaintiff are distinguishable as the plaintiffs in those cases diligently pursued their claims while, here, Plaintiff has not. *See e.g.*, *Granger v. Aaron's,*

*Inc*., 636 F.3d 708 (5th Cir. 2011); *Shidler,* 919 F.Supp.2d 827; *Faison v. Texas EZPawn, L.P*., 2007 WL 1481047 (S.D. Tex. May 21, 2007).

## B.  Equitable Tolling Only Applies in Rare and Exceptional Circumstances.[1]

The statutory language of the Fair Labor Standards Act provides that a cause of action "may be commenced within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 225(a).  Under 29 U.S.C. § 256, a collective action instituted under the FLSA is considered to be commenced for an individual on the date the complaint is filed if the individual is the named party plaintiff or on the date written consent is filed with the court. *See also, Atkins v. General Motors Corp*., 701 F.2d 1124, 1130 at n.5 (5th Cir. 1983). This written consent allows an individual who is not the named plaintiff to opt-in to the collective action.  For limitations purposes, post-complaint consent filings by opt-in plaintiffs do **not** relate back to the original complaint.  *See* 29 U.S.C. § 255(a) (determining statute of limitations by commencement date); 29 U.S.C. § 256 (establishing commencement date for purposes of FLSA). The statute of limitations is an important factor in a collective action, as "the statute of limitations for a named plaintiff runs from the date that the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from the opt-in date." *Fairley v. Knights' Marine & Indus. Servs., Inc.*, 1:15CV47-LG-RHW, 2015 WL 3450797, at *2–3 (S.D. Miss. May 29, 2015) (citing *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 916-17 (5th Cir. 2008)).

FLSA collective actions affirmatively require repetitious filings. Therefore, the policy concerns regarding the statute of limitations for a FLSA collective action and an action under Federal Rule of Civil Procedure 23 are completely different. See *Muhammad v. GBJ, Inc.*,

---

[1]      The decision of whether to toll rests within the discretion of the district court. *See Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

CIV.A. H-10-2816, 2011 WL 863785, at *2 (S.D. Tex. Mar. 9, 2011). The legislature specifically intended that opt-in plaintiffs in a FLSA collective action not be able to toll the statute of limitations upon the filing of the named plaintiff's complaint. *Id.*; *see also Atkins*, 701 F.2d at 1130 n. 5; *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1006 (11th Cir. 1996); *McKnight v. D. Houston, Inc.,* 756 F.Supp.2d 794, 808 (S.D. Tex. 2010) ("Congress did not provide for tolling while a court considers whether to certify a case as a collective action.").

Despite the specific intent of the legislature, many plaintiffs have attempted to toll the statute of limitations in FLSA collective actions by arguing for equitable tolling. The Fifth Circuit has adopted a **strict** view of the FLSA's limitations provision stating that the limitations run from the opt-in date and courts cannot "alter the express terms of the statute." *See McKnight,* 756 F.Supp.2d at 808 (citing *Atkins,* 701 F.2d at 1130 n. 5); *see also Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly."); *Granger,* 636 F.3d at 712 (citing *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002)) (same). Thus equitable tolling is the exception, not the rule. Equitable tolling is meant to preserve a plaintiff's claims when the strict application of the statute of limitations would be inequitable. *Castillo v. Hernandez*, EP-10-CV-247-KC, 2010 WL 4595811, at *7–8 (W.D. Tex. Nov. 4, 2010) (citing *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)). Ideally, it is supposed to prevent plaintiffs from being taken advantage of and focus on a plaintiff's excusable ignorance. *Castillo*, 2010 WL 4595811, at *7–8  (citing *Coke v. Gen. Adjustment Bureau*, 640 F.2d 584, 596 (5th Cir. 1981); *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991)).

Equitable tolling may be applied only if it is shown that a plaintiff "acted diligently and the delay concerns extraordinary circumstances." *Shidler,* 919 F.Supp.2d at 829–30 (citing

*Caldwell,* 429 F.3d at 530 n. 23; *Teemac v. Henderson,* 298 F.3d 452, 457 (5th Cir. 2002)); *see also Rashidi v. Am. President Lines,* 96 F.3d 124, 128 (5th Cir. 1996) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.") (abrogated on other grounds). Equitable tolling only applies in "rare and exceptional circumstances," and the party who invokes it bears the burden of proof. *Teemac*, 298 F.3d at 457 (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). Such relief is granted most frequently where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Teemac*, 298 F.3d at 457 (quoting *Patterson,* 211 F.3d at 930).

Because the legislative intent was that ordinary FLSA opt-in plaintiffs not have their filing dates relate back to the date of the original complaint, any plaintiff wishing to use equitable tolling to alter that statute of limitations must prove their case should be exempt from the rule by showing that "they diligently pursued their rights yet were unable to discover essential information bearing on the existence of their claim" or rare and extraordinary circumstances exist. *Castillo*, EP-10-CV-247-KC, 2010 WL 4595811, at *7–8 (internal quotations omitted) (finding that defendants' willful conduct and the diminution in the value of plaintiffs' claims did not qualify as a "rare and exceptional circumstance" and equitable tolling was not permitted); *see also Muhammad*, CIV.A. H-10-2816, 2011 WL 863785, at *2 (finding that equitable tolling was inappropriate when plaintiffs needed limited discovery to determine whether certification was appropriate as this was not an extraordinary circumstance). Moreover, ignorance of the law is not enough to justify equitable tolling. *Escobedo v. Dynasty Insulation, Inc.*, 694 F.Supp.2d 638, 655 (W.D. Tex. 2010) (citing *Whitt v. Stephens County*, 529 F.3d 278, 283 (5th Cir. 2008)). A plaintiff must be unaware of the underlying facts that would comprise

his FLSA claim. *Escobedo*, 694 F.Supp.2d at 654; *see also Lee v. Metrocare Servs.*, 980 F.Supp.2d 754, 769–70 (N.D. Tex. 2013) (refusing to toll the statute of limitations for potential plaintiffs in a FLSA collective action despite assertions that the employer sought to delay the employees' assertion of their rights through intimidation and termination because plaintiffs failed to provide evidence that the potential plaintiffs had diligently pursued their rights and failed to allege that the potential plaintiffs were unaware or ignorant of their rights thus rare and exceptional circumstances were not shown).

### C.  Plaintiff Failed to Diligently Pursue His Claims in This Action.

As recognized by plaintiffs and aptly stated by the United States Supreme Court in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984), "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Id.* at 151. As such, equitable tolling is available only where a plaintiff diligently pursue his or her rights. *Caldwell*, 429 F.3d at 530 n.23 ("Equitable tolling will not be granted if an applicant failed to diligently pursue his rights."); *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992). Despite his suggestions to the contrary, Plaintiff has not diligently pursued his claims in this action.

Although Plaintiff filed his Complaint on October 30, 2015, asserting a collective action, he chose not to file a motion for conditional certification at that time. Nearly three months passed, and Plaintiff had still taken no action to seek conditional certification. Defendants then filed a Motion for Summary Judgement. Still Plaintiff did not seek conditional certification. Plaintiff also did not argue that Defendants' motion was premature or ask for additional time to conduct basic discovery before opposing the summary judgment. Another month passed while the motion for summary judgment was pending. Still Plaintiff made no attempt to conditionally certify the class despite the fact that a case is not stayed during the pendency of a motion for

summary judgment. Plaintiff could have sought to certify a class at any time, but chose not to pursue such claims. *See e.g., Rodriguez v. Gold & Silver Buyers, Inc.*, No. 4:12-CV-1831, 2013 WL 5372529, at *1 (S.D. Tex. Sept. 24, 2013) (ruling on a motion to dismiss, motion for conditional certification, and motion for equitable tolling simultaneously when the motions for certification and tolling were filed months after the dispositive motion was filed). *Biggio v. H20 Hair Inc.*, No. CV 15-6034, 2016 WL 1031344, at *1 (E.D. La. Mar. 14, 2016) (evidencing that a motion for summary judgment and a motion for conditional certification can be pending simultaneously). Even after the Fifth Circuit remanded the case back to this Court, Plaintiff continued to drag his feet and waited an additional five months to file a motion for class certification. There was no reason for this delay and Plaintiff could have filed a motion for class certification at any time. Plaintiff has failed to show that he diligently pursued his claim. Instead the facts show that he let large amounts of time lapse without even attempting to certify a class and initiate notice to potential class members.

The long and unexplained delays between the filing of the initial Complaint in October 2015 and Plaintiff's eventual filing of his Motion for Class Certification including a four month delay before Defendants' motion for summary judgment was granted and another five month delay between the case being remanded to this Court and Plaintiff's filing of his motion to certify a class, reveals that Plaintiff has been less than diligent in pursuing his claims in this action. As a result, equitable tolling is not appropriate. *See Montelongo v. Housing Authority of City of El Paso*, 2010 WL 3239235, *3 (W.D. Tex. Aug. 13, 2010) (denying plaintiffs' request to equitably toll statute of limitations, and stating that it could "only call the diligence of Plaintiffs and their counsel into question" after plaintiffs waited almost 9 months between the initial filing of the suit and the filing of the motion seeking conditional certification).

Plaintiff has also failed to provide evidence that potential opt-in plaintiffs were unaware of their rights or have been diligently pursuing their rights but have been prevented from joining the action. *See Escobedo.,* 694 F.Supp.2d at 655 (rejecting equitable tolling for FLSA claim on the grounds that opt-in plaintiffs were not "excusably unaware" of their claims if they had worked more than forty hours per week and knew they were entitled to overtime compensation); *Sandoz v. Cingular Wireless, LLC,* No. 07–1308, 2014 WL 3045532, at *7 (W.D. La. July 3, 2014) (rejecting equitable tolling for FLSA opt-in plaintiffs who shared the same job, workplace, and access to pay policies as the named plaintiff). Plaintiff has offered no evidence to explain why similarly situated opt-in plaintiffs were unaware of their rights and deserve equitable tolling of their claims. Potential class members could have filed individual opt-ins at any time or could have filed their own suits if they so wanted. Like Plaintiff, potential class members have had the requisite knowledge necessary to pursue their claims, but have failed to do so. Therefore, the Motion for Equitable Tolling should be denied.

### D. Plaintiff Fails to Satisfy His Burden of Proving that Rare and Exceptional Circumstances Exist to Warrant Equitable Tolling.

In addition to Plaintiff's failure to diligently pursue his claims, he has also failed to demonstrate that rare and exceptional circumstances have occurred which warrant equitable tolling. "[I]n the average case in which the delay is attributable to the normal litigation process . . . equitable tolling is not appropriate." *Titchenell v. Apria Healthcare, Inc.*, 2012 WL 3731341, *7 (E.D. Pa. Aug. 29, 2012); *Muhammad*, 2011 WL 863785 at *2 (declining to apply tolling due to "the need for limited discovery to determine whether certification is appropriate" because such a need "is present in many FLSA actions"); *Tidd v. Adecco USA, Inc*., 2008 WL 4286512, *5 (D. Mass. Sept. 17, 2008) ("[T]he circumstances of this case are not substantially different from other FLSA cases, and acceptance of the plaintiffs' argument would essentially mean that

equitable tolling should occur in every FLSA collective action, changing the principle of equitable tolling from the exception to the norm."); *Mejia v. Bros. Petroleum, LLC,* No. CIV.A. 12-2842, 2014 WL 3853580, at *2 (E.D. La. Aug. 4, 2014) (rejecting equitable tolling claim for five month delay between motion for class action and certification by the court); *Rodriguez,* 2013 WL 5372529 at *8 (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for eight months); *Switzer v. Wachovia Corp.,* No. 11–1604, 2012 WL 1231743, at *4 (S.D. Tex. Apr. 12, 2012) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for six months and original judge recused himself while certification was pending); *Clay v. Huntington Ingalls, Inc.,* No. 09–7625, 2012 WL 860375, at *4 (E.D. La. Mar. 13, 2012) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for over a year); *McKnight,* 756 F.Supp.2d at 808–09 (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for six months).[2]

In *Atkins v. General Motors Corp.*, 701 F.2d 1124 (5th Cir. 1983), the Fifth Circuit adopted a strict view of the FLSA's limitations provision, stating that limitations runs from the opt-in date and a court could not "alter the express terms of the statute." *Atkins*, 701 F.2d at 1130 n.5. The court approvingly cited *Groshek v. Babcock & Wilcox Tubular Prods. Div.*, 425 F.Supp. 232 (E.D. Wis. 1977), in which the district court rejected the argument that the statute of limitations should be tolled pending the court's decision on the conditional certification motion. *Groshek*, 425 F.Supp. at 234. As aptly stated by the court in *Groshek*, "this argument ignores the language of 29 U.S.C. § 256." *Id*. Congress did not provide for tolling while a court considers

---

[2] In support of his argument that exceptional circumstances exists and tolling is warranted, Plaintiff has attached as an exhibit to his motion an Order from *Prejean v. O'Brien's Response Mgmt., Inc*. This exhibit is not helpful as the order does not give any reasons for the granting of tolling in each case. Additionally, the citation that Plaintiff provides for the case does not discuss tolling or give any reasons for the judge's order granting tolling provided as Exhibit 2.

whether to certify a case as a collective action under the FLSA.  Rather, Congress "expressed concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint."  *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996).

Additionally, unlike in class actions under Rule 23 of the Federal Rules of Civil Procedure, the mere fact that multiple lawsuits may be filed if tolling is not applied in order to preserve individuals' rights is not sufficient to constitute a tolling of the statute of limitations in a FLSA case. Congressional intent is clear that Congress intended to make FLSA collective actions different than class actions pursued under Rule 23:

> Collective actions under the FLSA are not controlled by Rule 23. *See, e.g., LaChapelle,* 513 F.2d at 288–89. Unlike Rule 23 class actions, plaintiffs must "opt in" to a FLSA collective action. In *LaChapelle,* the court explained the significance of this difference for limitations:
> 
> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written consent.
> 
> *Id.* at 288. "This difference means that every plaintiff who opts in to a collective action has party status, whereas unnamed class members in Rule 23 class actions do not. Consequently, although the original plaintiffs in a collective action may pursue the suit on a representative basis, each FLSA claimant has the right to be present in court to advance his or her own claim. Conversely, only those plaintiffs who have opted in are bound by the results of the litigation." 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1807 (3d ed. 2005).

*McKnight*, 756 F. Supp. 2d at 808–09. As such, exceptional circumstances are not presented by a case just because potential class members' claims continue to run and potentially expire during ongoing litigation until they file opt-ins.

Here, Plaintiff seeks to toll the statute of limitations for all potential class members from January 25, 2016, the date that Defendants filed their Motion for Summary Judgment, to October 17, 2017, the date that the case was remanded from the Fifth Circuit back to this Court. Fifth Circuit precedent is clear that several months of delay resulting from pending motions and the litigation process does not constitute a rare and exceptional circumstance warranting equitable tolling. If Congress had intended for all potential class members' claims to be preserved from the beginning of a lawsuit so as to not continue running during the pendency of litigation, Congress would not have specifically required that individual plaintiffs opt-in to a lawsuit in order to stop the running of the statute of limitations on their claims. Moreover, Plaintiff could easily have filed a motion for class certification while other motions were pending. *See e.g., Rodriguez*, 2013 WL 5372529, at *1; *Biggio*, 2016 WL 1031344, at *1. As such, no rare or exceptional circumstances exist in this case to support Plaintiff's request for tolling.

Additionally, Plaintiff notes that tolling should be granted because Defendants' changed their pay practices on May 2, 2016. The fact that Defendants have begun to pay overtime, however, is not an extraordinary circumstance which justifies tolling. *See Mcpherson v. Leam Drilling Sys., LLC*, No. 4:14-CV-02361, 2015 WL 12940018, at *2 (S.D. Tex. Sept. 30, 2015).

Moreover, courts have denied equitable tolling when the opt-in plaintiffs have not been barred from filing consents. *See Quintanilla v. A & R Demolition Inc.*, 2006 WL 1663739 (S.D. Tex. June 13, 2006) (denying equitable tolling for period notice motion was being considered because opt-in plaintiffs were not prohibited from filing consents during this period). In the

instant case, any putative class member could have filed a consent form and opted-in to the action while the motion for summary judgment and related litigation was pending.

In summary, plaintiffs have failed to satisfy their burden of proving that rare and extraordinary circumstances exist to justify application of the remedy of equitable tolling to this matter. Thus, plaintiffs' request for equitable tolling should be denied.[3]

### E. Defendants Will Be Prejudiced if the Statute of Limitations Is Tolled.

Finally, a lack of prejudice to Defendants does not, in and of itself, justify tolling. "[A]bsence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified." *Baldwin County Welcome Center*, 466 U.S. at 152. However, "it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Id*. As a result, since plaintiffs have failed to satisfy their burden of proving that equitable tolling is warranted in this case, the Court need not reach the issue of prejudice to Defendants. Nevertheless, Defendants will briefly address the potential prejudice that may ensue in the event of tolling, as Plaintiff addresses the issue in his motion.

Plaintiff contends that Defendants will not be prejudiced because "Defendants had notice of Halle's claims" and are the keeper of employment records presumably showing the size of the potential class. While Defendants have been aware of Halle's claims, as he was and still is the only plaintiff in this case, Defendants were not aware of the full extent of the class that Plaintiff would eventually attempt to certify. As addressed in Defendants' Opposition to Plaintiff's Motion for Conditional Certification, Plaintiff's Complaint only referred to a class of ROV

---

[3] While the doctrine of equitable tolling may apply when the plaintiff is actively misled by the defendant, Plaintiff makes no attempt whatsoever to show Defendants acted either deceptively or wrongly – nor could they do so. Defendants never attempted to hide potential class members' pay structures from them. These individuals were well aware that they were paid day rates and could have filed suit at any time if they believed they were owed overtime for which they were not compensated.

Technicians. There was no mention made of the inclusion of ROV Supervisors or Superintendents in a potential class. The inclusion of ROV Supervisors in the potential class was not made known until the filing of Plaintiff's Motion for Conditional Certification.

Moreover, the scope of Defendants' potential liability is far from clear as even the definition of the potential class still remains unresolved. As set forth in Defendants' Opposition to Plaintiffs' Motion for Conditional Certification, the definition of the class in Plaintiffs' proposed notice is overly broad. It would be unduly prejudicial to Defendants to toll the statute of limitations with respect to all individuals encompassed within the overly broad definition proposed by Plaintiffs.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Equitable Tolling (Rec. Doc. 58) should be denied. Plaintiff has been less than diligent in pursuing his claims in this action. In addition, rare and exceptional circumstances do not exist, which would justify equitable tolling of the statute of limitations in this case. As such, equitable tolling is not warranted in this case.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ David M. Korn*
DAVID M. KORN (#21676)
CATHERINE L. CRANFIELD(#37085)
ALEX H. GLASER (#33151)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130
Email:   david.korn@phelps.com
catherine.cranfield@phelps.com
alex.glaser@phelps.com

- 14 -

                                        **ATTORNEYS FOR DEFENDANT,**
                                        **GRAND ISLE SHIPYARD, INC.**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 4th day of April, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                      */s/ David M. Korn*