## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KYLE HALLE | CIVIL ACTION |
| VERSUS | NO. 15-5648 |
| GALLIANO MARINE SERVICE, LLC<br>And C-INNOVATION, LLC | SECTION "L" (5) |

### ORDER & REASONS

Before the Court are Plaintiff's Motions for Conditional Certification, R. Doc. 46, and

Equitable Tolling, R. Doc. 58.  Having heard oral argument and considered the parties' briefs

and the applicable law, the Court now issues this Order and Reasons.

**I.    BACKGROUND**

This lawsuit arises from Plaintiff's claim that his employer failed to pay him overtime

wages for hours he worked in excess of 40 hours per week.  Jurisdiction is invoked pursuant to

28 U.S.C. § 1331.  R. Doc. 1 at 1.

Plaintiff Kyle Halle ("Halle") was employed by Defendant C-Innovation as an ROV

(remotely operated (underwater) vehicle) Technician and ROV Supervisor, from approximately

May 12, 2009 through his termination on October 12, 2015.  R. Doc. 15-1 at 1.  At the time of

his termination, Halle was an ROV Supervisor. R. Doc. 15-1 at 1-2.  Halle's work assignments

were typically four weeks in duration, involving a 4-week voyage on an ROV support vessel.  R.

Doc. 15-1 at 2.  For each of these voyages, Halle was assigned to a particular ROV support

vessel, and ate, slept, lived, and worked aboard that vessel. R. Doc. 15-1 at 2.

An ROV crew aboard the vessel would work 12-hour shifts for 7 days a week (84 hours

per week) during the voyage. R. Doc. 15-1 at 2. Crew members were not paid overtime, but were

1

paid a daily rate that was guaranteed whether or not the employee actually worked, such as if they were ill.  R. Doc. 15-1 at 2. Plaintiff claims that this pay structure violates the Fair Labor Standards Act, which provides that an employer can pay non-exempt employees on a day-rate basis if the employee also receives overtime pay (at one and one-half times the regular hourly rate) for hours worked in excess of 40 hours per week.  R. Doc. 1 at 3.

## II.   PROCEDURAL HISTORY

On October 30, 2015, Plaintiff filed this action seeking to recover unpaid overtime wages, liquidated damages, and attorney's fees and costs under the FSLA. R. Doc. 1 at 6. On December 23, 2015, Defendant answered the complaint. R. Doc. 12. On January 25, 2016, Defendants filed a Motion for Summary Judgment, arguing that Plaintiff's work as an ROV Technician and Supervisor was water-based, voyage-based, and vessel-based, and therefore under Fifth Circuit law, he was a seaman under the FLSA and exempt from its overtime provisions.  R. Doc. 15-1 at 6. On February 22, 2016, the Court granted Defendant's motion. After the Court denied Plaintiff's Motion for Reconsideration, R. Doc. 30, Plaintiff appealed the decision to the Fifth Circuit, R. Doc. 32. The Fifth Circuit found that the record did not support that Halle's work in calculating coordinates and communicating that information to the captain clearly establishes that he is a seaman. Therefore, the Fifth Circuit held that defendant has not established as a matter of law that the seaman exception applies, and remanded the case to this Court. *Halle*, 855 F.3d at 296.

## III.   PENDING MOTIONS

### A.  Plaintiff's Motion for Conditional Certification (R. Doc. 46)

On March 12, 2018, Plaintiff moved for conditional certification of an opt-in class under the FLSA. R. Doc. 46. Plaintiff alleges that Defendant had a uniform pay practice that involved

paying ROV workers a day rate with no overtime wages. R. Doc. 46-1 at 1, 3, 8. Plaintiff further alleges that the job duties of the ROV technicians and ROV supervisors are similar and that the day rate applied to both groups. R. Doc. 46-1 at 1, 3. For these reasons, Plaintiff asks the court to conditionally certify a class including all ROV personnel working for Defendant from October 2012 through the present. R. Doc. 46-1 at 10. Plaintiff also asks the court for the following: 1) notice following a proposed schedule, 2) email notice, 3) Plaintiff's counsel be permitted to follow-up with potential class members by phone, and 4) Defendants be prohibited from contacting potential class members. R. Doc. 46-1 at 10-14.

Defendants respond in opposition arguing that the putative class and proposed notice should be amended. R. Doc. 52. Defendants do not oppose the general class certification of ROV technicians or the request that Defendants be prohibited from communicating with potential class members. R. Doc. 52 at 2. However, Defendants argue that the class should not include ROV supervisors because Plaintiff did not allege, or mention, supervisors in his complaint, supervisors' jobs are different from technicians so they are not similarly situated, and supervisors are exempt from the FLSA overtime provisions. R. Doc. 52 at 3-6. Defendants also argue that the collective action time period should be limited to the maximum statutory period provided by the FLSA, three years. R. Doc. 52 at 7. Further, because they no longer utilize the day rate pay practice, Defendants argue that the time period should be limited to that time when the day rate pay practice was used. R. Doc. 52 at 7. Finally, Defendant argues that portions of the proposed notice are improper and should be modified. R. Doc. 52 at 7.

### B. Plaintiff's Motion for Equitable Tolling (R. Doc. 58)

Plaintiff moves for equitable tolling for potential class members due to the delay caused by Defendant's motion for summary judgment. R. Doc. 58. Plaintiff argues that equitable tolling

is needed because of the delay in sending notice, otherwise potential plaintiffs will be prejudiced by the delay. R. Doc. 58-1 at 2. Plaintiff further argues that Defendants will not be prejudiced by equitable tolling because they have been aware of the claims and number of potential plaintiffs during the delay. R. Doc. 58-1 at 7. Therefore, Plaintiff moves the Court for equitable tolling from January 25, 2016 (date Defendant's filed motion for summary judgment) to October 17, 2017 (date Fifth Circuit remanded case). R. Doc. 58-1 at 8.

Defendant responds in opposition. R. Doc. 60. Defendant argues that equitable tolling is not appropriate because Plaintiff has not diligently pursued his rights or shown rare and exceptional circumstances. R. Doc. 60 at 1. Defendant also argues that it will be prejudiced by equitable tolling because it was not aware of the extent of the proposed class until Plaintiff filed for conditional certification. R. Doc. 60 at 12-13.

## IV.    LAW & ANALYSIS

The FLSA provides workers the right to sue collectively on behalf of themselves and others "similarly situated" for violations of the Act's minimum wage provisions and overtime protections. 29 U.S.C. § 216(b). "Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt-in to the action." *Anderson v. Cagle's Inc.,* 488 F.3d 945, 950 n.3 (11th Cir. 2007) (citing 29 U.S.C. § 216(b)). District courts have discretion to implement the collective action procedure by sending notice to potential plaintiffs. *Lentz v. Spanky's Restaurant II, Inc.,* 491 F. Supp. 2d 663, 667–68 (5th Cir. 2007). Notice must be "timely, accurate and informative." *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989).

### A.  Certification of Collective Action

The Fifth Circuit has not yet established a legal standard for collective-action certification, but has affirmed two different approaches. *Portillo v. Permanent Workers, L.L.C.*, No. 15-30789, 2016 WL 6436839, at \*2 (5th Cir. Oct. 31, 2016); *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011); *Mooney v. Aramco Servs. Co*., 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003). One method for certifying collective-action claims involves a two-step "similarly situated" test, while the other is more akin to the standard for Rule 23 class actions. *Roussell*, 441 F. App'x at 226. In the present case, this Court finds it appropriate to apply *Mooney's* two-stage approach. *Mooney*, 54 F.3d at 1216.

Under this two-step process, the first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision whether notice should be given to potential class members based on the pleadings, affidavits, and any other evidence which has been submitted. *Id.* at 1213. Because the court has minimal evidence at this point, and plaintiffs seeking conditional certification are not required to identify other potential collective action members, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. *Id*. at 1214. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." *Id*.

The second determination typically occurs after the defendant files a motion for "decertification" after discovery is largely complete. *Id*. At this stage, the court has substantially more evidence it can use in deciding whether the collective action members are similarly situated. *Id*. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. *Id*. If the claimants are not similarly situated, the district court decertifies the class,

and the opt-in plaintiffs are dismissed without prejudice. *Id*. The original plaintiffs can then proceed to trial on their individual claims. *Id*.

As this case is presently at the "notice stage," the Court must make a decision whether conditional certification should be granted and whether notice of the action and right to opt-in should be given to potential class members. At this point, plaintiff bears the burden of making a preliminary factual showing that at least a few similarly situated individuals exist and their rights were violated in similar ways. *Nunez v. Orleans Shoring, LLC*, No. 16-3005, 2016 WL 3746168, at *4 (E.D. La. July 13, 2016) (citing *Banegas v. Calmar Corp.*, No. 15-593, 2015 WL 4730734, at *3 (E.D. La. Aug. 10, 2015)). "Although the standard for satisfying the first step is lenient . . . the court still requires at least substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Smith v. Offshore Specialty Fabricators Inc.*, No. 09-2985, 2009 WL 2046159, at *3 (E.D. La. July 13, 2009) (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex., 1999) (internal quotations and citations omitted). To determine whether plaintiffs have submitted substantial allegations of a single plan, courts consider "whether potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread discriminatory plan was submitted." *Smith v. Offshore Specialty Fabricators Inc.*, No. 09-2985, 2009 WL 2046159, at *3 (E.D. La. July 13, 2009); *see also Banegas*, No. 15-593, 2015 WL 4730734, at *4 (E.D. La. Aug. 10, 2015) ("The plaintiff may satisfy this burden by submitting evidence in the form of pleadings, affidavits and other supporting documentation.").

Here, Plaintiff has met the requirements for conditional certification. Plaintiff worked for Defendant as both an ROV Technician and as an ROV Supervisor. The Court finds that because supervisors were paid using the same day rate practice they are similarly situated and were part of

the same pay plan as technicians. At this stage, because the FLSA provides for opt-in classes, it is important to include a broader set of potential plaintiffs at the initial stage and then allow defendants to trim the class later on a motion to decertify or narrow the class. Therefore, the initial class will include ROV supervisors and technicians and after discovery Defendants can move to narrow the class if appropriate.

The Court approves of notice to the class via both mail and email. Plaintiff's proposed notice schedule is reasonable with a few exceptions. First, Plaintiff's counsel is not permitted to follow-up the mailed and emailed Notice and Consent Forms with contact via telephone. This additional contact, whether conducted by Plaintiff or Defense counsel, can become problematic communication with potential plaintiffs and is not necessary when sending notice via both regular mail and email. Second, Plaintiff's counsel is not permitted to mail or email a second notice. Sending a second notice is not necessary given the short time period during which potential plaintiffs can respond to opt-in. Furthermore, recipients of the notices will have access to the notice vial email if they misplace the hard copy mailed to them.

Plaintiff's proposed notice is also acceptable with the following additions. First, Plaintiff will add a provision explaining the effect of joining the lawsuit. Such provisions are appropriate to provide sufficient information for potential plaintiffs to make informed decisions and have been approved in many notices. The following provision will be added to Section 3 as the last sentence of the first paragraph:

> If you choose to join the lawsuit, you may be required to answer written
> questions, provide information and documents, appear for a deposition to give
> testimony under oath, and/or testify in court.

Second, Plaintiff will add a provision explaining that if the prospective class member chooses to join the lawsuit they are not obligated the hire Plaintiff's counsel. The following provision will be added to Section 3 as the last sentence of the second paragraph:

> You may also hire a different attorney of your own choosing and at your own expense.

### B. Equitable Tolling

The applicable statute of limitations period under the FLSA is set forth in 29 U.S.C. § 255. The action must commence within two years after the cause of action accrued if the violation is "unwillful." *Id.* However, if the violation is "willful," the cause of action must be commenced within three years after it accrued. *Id.* "Willful" means "that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 128 (1988). A cause of action "begins to accrue at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261, 272 (5th Cir. 1987), modified on other grounds, 826 F.2d 2 (5th Cir. 1987); *see also Hendrix v. Yazoo City*, 911 F.2d 1102 (5th Cir. 1990) (holding that the cause of action begins to run on date employer makes unlawful payment). In a collective action, the action is "commenced" in the case of an opt-in plaintiff on the date a written consent is filed. 29 U.S.C. § 256(b); *Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983); *Quintanilla v. A & R Demolition, Inc.*, 2006 WL 1663739, at *1 (S.D. Tex. June 13, 2006).

However, this limitations period is subject to tolling on equitable grounds. *Hodgson v. Humphries*, 454 F.2d 1279, 1283–84 (10th Cir. 1972). The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quotation omitted). "A district court

may refuse to toll limitations because it interprets a statute or regulation to prohibit tolling or because it refuses to exercise its equitable discretion to toll." *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002) (citations omitted). Principles of equitable tolling apply in FLSA actions. *Morales v. Bimbo's Best Produce, Inc.*, No. 08–5105, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) (McNamara, J.); *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 1063 (5th Cir. 2008) (citations omitted). Therefore, the decision of whether to toll rests within the discretion of the district court and where the district court "declines to exercise its equitable powers," the appellate court will review only for abuse of discretion. *Teemac*, 298 F.3d at 456.

The burden to prove that equitable tolling is warranted rests squarely on the party seeking to invoke tolling. *Id.* at 457 (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995); *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir.1992)). Furthermore, equitable tolling applies in "rare and exceptional circumstances," *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), principally where a plaintiff "is prevented in some extraordinary way from asserting his rights," *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996), and the remedy is available only where a plaintiff "diligently pursues his or her rights." *Montelong v. Housing Auth. of El Paso*, No. 09–0388, 2010 WL 3239235 (W.D. Tex. Aug.13, 2010) (citing *Caldwell v. Dretke*, 429 F.3d 521, 530 n. 23 (5th Cir. 2005); *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

Here, the Court, exercising its discretion, finds that it is fair to provide some equitable tolling to Plaintiff. During the time that Defendants' summary judgment motion was on appeal, the case was effectively stayed and Plaintiff had no opportunity to move forward with the case, including filing a motion for certification of a class. During that period, Plaintiff was prevented from doing so because this Court did not have jurisdiction. It would be inequitable for Plaintiff to

9

be punished and Defendant to be rewarded for the time spent on this motion, particularly given the outcome. Additionally, Defendants will not be prejudiced by this tolling because Defendants have been on notice of Plaintiff's claims regarding employees paid using a day rate since the time Plaintiff filed his complaint. Therefore, the Court grants Plaintiff equitable tolling from the time the Court decided Defendant's Motion for Summary Judgment, February 25, 2016, to the time the Fifth Circuit remanded the case, October 17, 2017.

## V.     CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Certify Class, R. Doc. 46, is hereby **GRANTED** with the above explained adjustments to the proposed notice schedule and notice form.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Equitable Tolling, R. Doc. 58, is hereby **GRANTED** and Plaintiff is given equitable tolling from February 25, 2016 to October 17, 2017.

New Orleans, Louisiana, this 12th day of April, 2018.

_____

UNITED STATES DISTRICT JUDGE